(37 App. Div. 391.)

THIRY v. TAYLOR BREWING & MALTING CO.

(Supreme Court, Appellate Division, First Department. February 10, 1899.)

1. NONSUIT—JUDGMENT—DISMISSAL ON THE MERITS.
   A nonsuit does not warrant a judgment dismissing the complaint on the merits.

2. PRINCIPAL AND AGENT—EVIDENCE OF RELATION.
   A letter of defendant, in which he stated that a certain person was his agent, is admissible against him to show agency, as against third persons, in connection with evidence that the relation was the same at the time of the transaction in suit as when the letter was written.

3. SAME.
   And bills presented by defendant for goods sold a witness before and after the transaction in suit were admissible on such issue, where they were receipted by the alleged agent.

4. MASTER AND SERVANT—EVIDENCE OF RELATION.
   Where goods sold by an agent were delivered in the principal's truck, which was put at the agent's disposal for that purpose, an inference that the driver of the truck, who ran over plaintiff, was a servant of the principal, is justified.

5. HOSTILE WITNESSES—SCOPE OF EXAMINATION.
   On an issue whether a certain person was defendant's agent in New York City, which defendant denied, plaintiff called defendant's secretary, who proved a hostile witness. On cross-examination by defendant he testified that defendant had no place of business in the city, and neither employed nor controlled any person there. Held, that plaintiff might re-examine him as to whether defendant did not deliver goods in the city, and how goods were delivered without employés, and why the alleged agent was referred to as such by defendant's officers.

Appeal from trial term, New York county.

Action by Rudolf Thiry, an infant, by his guardian ad litem, against the Taylor Brewing & Malting Company. From a judgment entered on a nonsuit, and from an order denying a new trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Julius H. Cohn, for appellant.

J. Frederick Kernochan, for respondent.

RUMSEY, J. It was alleged by the plaintiff that on the 10th of March, 1897, on Second avenue, in the city of New York, he was run down and seriously injured by a truck driven by an employé of the defendant. The allegations of the complaint were denied, and upon the issue thus formed the case came to trial in February, 1898. At the close of the plaintiff's evidence the court ordered a nonsuit, and a motion for a new trial upon the minutes was denied. From the judgment and the order denying a new trial this appeal is taken.

By the judgment the complaint of the plaintiff is dismissed upon the merits. Such a judgment is not warranted when a plaintiff is nonsuited. The granting of a motion for a nonsuit is simply a determination that, upon the evidence then presented, the plaintiff has not shown himself entitled to any relief, but its effect goes no further than that. It is not a determination that the plaintiff may not be entitled to relief in another action based upon the same right, if he is able to produce sufficient evidence to establish his claim. It amounts simply to an adjudication that in the particular case, upon the facts which are made to appear on the evidence, the plaintiff is not entitled to recover, and it goes no further than that. This judgment dismissing the complaint upon the merits operates as a final adjudication against the right of the plaintiff to recover under any circumstances, and it is not warranted by the action of the court in ordering a nonsuit. Therefore, if there were no error which required a complete reversal of the judgment, it would be necessary to modify it in that regard.

But we think there is serious error which requires that this judgment should be reversed, and the plaintiff have a new trial. The plaintiff proved that on the 10th of March, 1897, on Second avenue, between Twenty-Fourth and Twenty-Fifth streets, in the city of New York, he was run down by a brewery truck and seriously hurt. The driver was drunk, and drove so carelessly that the jury, upon the facts shown in that regard, would have been compelled to say that he was guilty of negligence. It appeared that the defendant's name was on a board on the side of the truck. It was made to appear, also, that the defendant had a truck in this city which was then used by one Osborne, who paid nothing for the use of it. The secretary of the company testified positively that Osborne was not the agent of the defendant; but there was produced in evidence a letter written by the vice president, dated the 21st of May, 1897, in which he stated that the agent of the company in New York was Charles H. Osborne, and the secretary testified that Osborne occupied the same relation to the company on the 10th of March that he did in May. This letter, however, although identified and shown to have been signed by the vice president

of the company, was excluded when offered by the plaintiff, and the plaintiff excepted.   It appeared further from the testimony of the secretary that Osborne sold ales of the defendant, and billed them in its name.   The plaintiff showed by another witness that he dealt with the Taylor Brewing & Malting Company in February, 1897, and that they sent him two bills, which were offered in evidence.   He identified the bills, and testified that the receipts upon them were the signature of Osborne.   He testified that he knew Gallagher, who had been shown to be the driver of the truck which ran down the child; that Gallagher delivered to him the ales which he bought, and which were mentioned in the bills receipted by Osborne; that this driver, Gallagher, was at his place on the 10th of March, 1897; that he then brought the witness a barrel of ale, which was included in one of the bills presented, and for which the witness paid Osborne.   After having made that proof, the plaintiff offered in evidence the bills which had been identified.   These were objected to and excluded, and the plaintiff excepted to that ruling.   This was substantially all the evidence received or offered on the part of the plaintiff.   The learned justice who presided at the trial held that the plaintiff had failed to give evidence which would warrant the jury in finding that the driver was in the employ of the defendant at the time of the occurrence. While it is probable that, upon the testimony which the learned trial justice received, the conclusion he reached was correct, yet there is no doubt that if the evidence offered by the plaintiff, and which was excluded upon the defendant's objection, had been permitted to go to the jury, there would have been sufficient proof of the employment of Gallagher by the defendant to put it to its defense.   This evidence was clearly competent.   If admitted, it would have shown that Osborne was the agent of the company in May, 1897, and occupied the same position on the 10th of March in that year; that he sold ales of the company, received the pay, and receipted for it in the name of the company.   It would have shown further that the ales sold by him as such agent were delivered in the company's truck, which was put at his disposal by it for that purpose; that that truck was the same one which ran down the plaintiff, and was driven at that time by a person who on that very day was engaged in delivering ales for Osborne, which he had sold for the defendant.   If this evidence had been received, the jury might have inferred that the person who drove this truck, and who ran down the plaintiff, was in the employ of the defendant.   The plaintiff was entitled to have this evidence received, that the jury might consider it.   For the error in refusing it there must be a new trial.

The plaintiff called as a witness one Kernochan, who was the secretary and treasurer of the defendant at the time of this occurrence, and was the secretary when he was sworn as a witness.   It was clear from his testimony that he was familiar with the business of the company, and it is very evident, not only from his position, but from the manner in which he answered the questions asked by the plaintiff's counsel, that he was a very hostile witness.   After he had been examined on the part of the plaintiff, he was cross-examined by the counsel for his own company.   Upon that cross-examination he testified positively

that the company had no place of business in the city of New York on the 10th of March, 1897, nor did it have any persons whom it employed in its business in that city on that day, and that it did not pay any wages to, or control or direct, the person who drove the wagon. After the cross-examination was finished, the plaintiff's counsel attempted to re-examine the witness on that point, and he was asked whether the defendant delivered ale in the city. This question the court excluded of its own motion. He was then asked why Mr. Osborne was referred to as agent of the company, if it had no employés in the city. This was objected to and excluded. He was then asked, if they had no employés in the city, how it was that they deliver ale in the city which they bill, and for which Mr. Osborne receipts. That was objected to and excluded. He was then asked if he did not know as a fact that they sold and delivered ales in the city. The court excluded that question again of its own motion, and the plaintiff excepted to that, as well as the preceding rulings. We think each of these rulings was erroneous. While the witness was nominally the plaintiff's witness, yet he was in the employ of the defendant, and one of its officers; and it is very clear from the evidence that he was entirely devoted to their interest, even to the extent of evading the answers to questions which were put to him by the plaintiff. The testimony which he gave in response to the counsel of his company was exceedingly important. If true, it would go far to defeat the plaintiff. The plaintiff was entitled to examine him thoroughly in regard to that testimony by which he was not concluded. Becker v. Koch, 104 N. Y. 394, 10 N. E. 701. All the questions excluded were within the limits of a proper cross-examination, and it was erroneous not to require them to be answered.

For these errors the judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event of the action. All concur.