(40 Misc. Rep. 671.)

### GALLETTO v. SERAFINO.

(Supreme Court, Appellate Term. March, 1903.)

1. RES JUDICATA—NONSUIT.

    A mere nonsuit of plaintiff at the close of his case in a proceeding by a landlord to dispossess is not a bar to another proceeding, not being on the merits.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Summary proceedings to dispossess by Rocco Galletto, landlord, against Alberto Serafino, tenant. From a final order, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and GILDERSLEEVE, JJ.

Rosario Maggio, for appellant.

Jay C. Guggenheimer, for respondent.

GIEGERICH, J. The dismissal of the present proceeding is sought to be upheld upon the ground that a former proceeding between the same parties and for the same cause was dismissed upon the merits. An examination of the record of such former proceeding shows, however, that the landlord's counsel vainly endeavored upon

¶ 1. See Judgment, vol. 30, Cent. Dig. § 1031.

the trial to prove by his client the allegations of the petition, and, regarding his answers to questions put to him as unsatisfactory, moved for a postponement of the trial, in these words: "Will your honor kindly adjourn this case to another day, so that I can properly instruct him what to say?" This remarkable request, which the justice characterized as "outrageous," was properly denied, whereupon the landlord rested, and the proceedings were dismissed, without a motion having been previously made therefor. The final order in such proceeding does not recite that it was rendered upon the merits, and a careful scrutiny of the record fails to disclose anything from which it might even be inferred that it was so, but, on the contrary, shows clearly that the dismissal was solely for failure of proof. But even if the order purported to be upon the merits, it would not alter the situation, since the landlord was merely nonsuited at the close of his case. Thiry v. Taylor Brewing & Malting Co., 37 App. Div. 391, 56 N. Y. Supp. 85. As was said by the court in the case just cited (page 393, 37 App. Div., page 86, 56 N. Y. Supp.):

"The granting of a motion for a nonsuit is simply a determination that, upon the evidence then presented, the plaintiff has not shown himself entitled to any relief, but its effect goes no further than that. It is not a determination that the plaintiff may not be entitled to relief in another action, based upon the same right, if he is able to produce sufficient evidence to establish his claim. It amounts simply to an adjudication that in the particular case, upon the facts which are made to appear on the evidence, the plaintiff is not entitled to recover, and it goes no further than that."

The dismissal of the proceedings under review was unwarranted, and the final order should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Final order reversed and new trial ordered, with costs to appellant to abide event. All concur.